**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MERRILL PRIMACK, | ) |
| on behalf of plaintiff and the classes defined | ) |
| below, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| REALGY, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Merrill Primack brings this action to secure redress from unlawful telemarketing practices engaged in by defendant Realgy, LLC.  Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and state law.

2.      The TCPA restricts the use of telemarketing calls to telephone numbers that have been registered with the National Do Not Call Registry.

### VENUE AND JURISDICTION

3.      This Court has jurisdiction under 28  U.S.C. §§1331, 1337 and 1367.

4.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant transacts business within this District.

### PARTIES

5.      Plaintiff Merrill Primack is an individual who resides in the Northern District of Illinois.

6.      Defendant Realgy, LLC, is an Illinois limited liability company with a principal office at 675 Oakwood Avenue, West Hartford, Connecticut 06110.  Its registered agent and

office is Northwest Registered Agent, 1900 E. Golf Road 950A, Schaumburg, Illinois 60173. It does or transacts business in Illinois.

7.      Realgy, LLC, is engaged in the business of selling natural gas and electrical services.

## FACTS

8.      Plaintiff has been on the National Do Not Call Registry since June 2013.

9.      Prior to April 15, 2014 but subsequent to June 2013, plaintiff received a telemarketing call to his home phone from 815-627-4608. The caller was marketing what he characterized as a good deal on natural gas. Plaintiff told the caller he was not interested in the alleged deal and ended the call.

10.     On April 15, 2014, plaintiff received another telemarketing call to his home phone from 815-627-4608. The caller was again marketing what he characterized as a good deal on natural gas. Plaintiff reiterated that he was not interested in defendant's alleged deal.

11.     Plaintiff did not furnish his home phone number to defendant or consent to the calls.

## COUNT I – TCPA

12.     Plaintiff incorporates paragraphs 1-11.

13.     Defendant violated the TCPA by placing calls to plaintiff's  home  phone.

14.     A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC.  47 U.S.C. §227(c)(5) provides:

> **(5) Private right of action.  A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State may bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation.**

2

**(B) an action to recover for actual monetary loss from such a violation or to receive up to $500 in damages for each such violation, whichever is great, or**

**(C) both such actions.**

**It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to more than 3 times the amount available under subparagraph (B) of this paragraph.**

15.     Plaintiff and each class member is entitled to statutory damages.

16.     Defendant violated the TCPA even if its actions were only negligent.

17.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

18.     Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

19.     The class consists of (a) all persons (b) who received at any time during the last four years, (c) two or more telephone calls within any 12-month period (d) made by or on behalf of the defendant, and (e) at the time the calls were placed, their telephone numbers were listed on the National Do Not Call Registry.

20.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

21.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.      Whether defendant engaged in a pattern of placing calls to person on the National Do Not Call Registry;

b.      The manner in which defendant compiled or obtained its list of numbers;

3

c.      Whether defendant thereby violated the TCPA;

22.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

23.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

24.     Several courts have certified class actions under the TCPA.  Telephone call and text message cases include:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir.  2012); *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*.,  271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 WL 211013, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC,* 11CV1009 JLS (MDD), 2012 WL 1932283, 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012).   Fax cases include:  *Holtzman v. Turza,* 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010);  *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276,  2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 WL

4

744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,*

246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961

So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports*

*Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847

(Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203

Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547

(Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d

767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

25.     Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

the class and against defendant for:

a.     Statutory damages;

b.     An injunction against further violations;

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.

### COUNT II  – ILLINOIS RESTRICTED CALL REGISTRY ACT

26.     Plaintiff incorporates paragraphs 1-11.

27.     815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of

this Act for any person or entity to make or cause to be made any telephone solicitation calls to

any residential subscriber more than 45 days after the person or entity obtains the Registry or

any update of the Registry on which the residential subscriber's telephone number or numbers

first appear."

28.     815 ILCS 402/5(a)  defines "Residential subscriber" to mean "a person or spouse

who has subscribed to either residential telephone service from a local exchange company or

public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of

the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

29.     815 ILCS 402/5(e) defines "Telephone solicitation" to mean  --

**any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**

**(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:**

**(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.**

**(B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.**

**(C) The telephone solicitation is made 30 business days after a product or service becomes available  where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;**

**(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;**

**(3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .**

30.     815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or

established pattern of activity for commercial or mercantile purposes and for the benefit or profit

of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The

established business relationship must exist between the existing customer and the person or

entity directly, and does not extend to any related business entity or other business organization

of the person or entity or related to the person or entity or the person or entity's agent including

but not limited to a parent corporation, subsidiary partnership, company or other corporation or

affiliate."

      31.      815 ILCS 402/50 provides:

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

      32.      Plaintiff is a "residential subscriber" within the meaning of the Restricted Call

Registry Act.

      33.      Plaintiff's number was on the National Do Not Call Registry beginning in June

2013.

      34.      Defendant violated the Restricted Call Registry Act by making a telephone

solicitation to plaintiff more than 45 days after plaintiff placed his number on the National Do

Not Call Registry.

      35.      Defendant violated the Restricted Call Registry Act even if its actions were only

negligent.

      36.      Plaintiff is entitled to statutory damages for defendant's violation of the

Restricted Call Registry Act.

## <u>CLASS ALLEGATIONS</u>

      37.      Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

a class.

38.     The class consists of (a) all Illinois residents who (b) during a period beginning one year prior to the filing of this action, (c) received a call from defendant (d) after having placed their telephone numbers on the National Do Not Call Registry more than 45 days prior to the call from defendant, (e) which call advertised the commercial availability of any property, goods, or services of defendant.

39.     On information and belief, the class is so numerous that joinder of all members is impractical.

40.     Plaintiff alleges that there are more than 40 members of the class.

41.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These questions include:

      a.     Whether defendant timely obtains numbers on the National Do Not Call Registry;

      b.     The manner in which defendant places telemarketing calls.

42.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests adverse to or in conflict with the absent class members.

43.     A class action is a superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

      a.     Statutory damages;

      b.     Injunctive relief;

      c.     Costs;

        d.      Such other and further relief as the Court may deem just and proper.

s/ Daniel A. Edelman   
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

Merrill Primack

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)